UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LUTHER ARTHUR HORN, III,
     Plaintiff,

vs.                   Case No.: 3:23cv991/MCR/ZCB

MIKE ADKINSON, et al.,
     Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff is incarcerated in the Florida Department of Corrections (FDOC). He is proceeding *pro se* and *in forma pauperis* (IFP) in this civil rights action under 42 U.S.C. § 1983.

Presently before the Court is Plaintiff's second amended complaint. (Doc. 23). The Court is required to screen Plaintiff's complaint to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B) (governing IFP actions); 28 U.S.C. § 1915A (governing actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity); *see also Jones v. Bock*, 549 U.S. 199, 202 (2007) (recognizing that

1

Congress has mandated "early judicial screening of prisoner complaints"). After reviewing the second amended complaint, the undersigned recommends dismissal under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) because Plaintiff has failed to state a plausible claim for relief.[1]

## I.    Background

Plaintiff's second amended complaint names eleven Defendants: (1) Barry Hatton, a special agent with the Florida Department of Law Enforcement (FDLE); (2) Dyana Chase, an investigator with the Walton County Sheriff's Office (WCSO); (3) Breezey Adkinson, an investigator

---

[1] The Court previously provided Plaintiff opportunities to amend after explaining to him deficiencies in his prior pleadings. (Docs. 10, 17). Nonetheless, Plaintiff's second amended complaint still fails to state a claim upon which relief could be granted. *See generally Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (stating that a plaintiff typically "must be given at least one chance to amend the complaint before the district court dismisses the action"). Indeed, the Statement of Facts of the second amended complaint (Doc. 23 at 14-24) is nearly identical to the Statement of Facts of Plaintiff's previous amended complaint (Doc. 16 at 9-17), except that Plaintiff added two pages of facts about the two new Defendants (Clayton Adkinson and the Adkinson Law Firm LLC). The Statement of Claims is nearly identical in both pleadings, except that Plaintiff added two paragraphs of legal argument about the Fourth Amendment in the second amended complaint. (Doc. 23 at 25-29; Doc. 16 at 18-22).

with the WCSO; (4) Michael Adkinson, Sheriff of Walton County; (5) Billy Dozier, a case screening supervisor with the WCSO; (6) Dustin Burlison, a deputy with the WCSO; (7) Walton County; (8) the Walton County Sheriff's Department; (9) the Governor of the State of Florida; (10) Clayton Adkinson, "Lead Lawyer" for Walton County; and (11) Adkinson Law Firm LLC, a firm that "represents" Walton County.  (Doc. 23 at 5-11).[2]  Plaintiff sues all Defendants, except Walton County and the Sheriff's Department, in their individual and official capacities.  (*Id.*).

According to Plaintiff's allegations and the documents incorporated into his previous amended complaint,[3] Defendant Special Agent Hatton executed a search warrant on 97 Bay Breeze Drive on June 28, 2012 at 5:45 a.m.  (Doc. 23 at 17-21; Doc. 16 at 35-38, 42).  Defendant Investigator Chase and Defendant Deputy Burlison also participated in the search. (Doc. 23 at 17-18, 20).  Defendants inventoried most of Plaintiff's

---

[2] The Court refers to the page numbers assigned by the Court's electronic filing system.

[3] The Court may consider any exhibit attached to a complaint to the extent that (1) the exhibit is central to the plaintiff's claim, (2) its authenticity is not challenged; and (3) its contents are not in dispute. *Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty.*, 48 F.4th 1222, 1232 (11th Cir. 2022).

property, including guns, ammunition, pills, and drug paraphernalia. (*Id.* at 18-21; Doc. 16 at 35-38). During execution of the search warrant, Agent Hatton directed Investigator Chase to obtain a warrant for Plaintiff's arrest. (Doc. 23 at 17-18). Investigator Chase obtained an arrest warrant allegedly without probable cause and based upon false allegations that Plaintiff was in possession of stolen property. (*Id.* at 17-18). Plaintiff was arrested on that warrant at approximately 11:00 a.m., while officers were still searching the property. (*Id.* at 27).

At some point during the search, Agent Hatton directed Defendant Investigator Adkinson to obtain a second search warrant. (Doc. 23 at 17-19; Doc. 16 at 42). Investigator Adkinson obtained the second search warrant allegedly based upon false allegations that she observed stolen property in "Plaintiff's front yard." (Doc. 23 at 18; Doc. 16 at 42). Investigator Adkinson and Deputy Burlison executed the second search warrant at 2:45 p.m. the same day (June 28, 2012) and inventoried the property, including electronics, jewelry, currency, items of silver, china, tools, and kayaks. (Doc. 16 at 39-41).

On July 5, 2012, Agent Hatton and Deputy Burlison went back to Plaintiff's residence. (Doc. 23 at 20-21, 27-28). Burlison filmed a "pre-

search" video, even though the search occurred a week prior, while Hatton planted a bag of cocaine in Plaintiff's bedroom. (*Id.*). At one of Plaintiff's criminal trials, Burlison testified that he filmed the "pre search" video on June 28, 2012. (*Id.*).

Plaintiff's personal property was stored in the evidence room at the WCSO. (Doc. 23 at 19-20, Doc. 16 at 43-46). On March 12, 2013, Defendant Supervisor Dozier and Investigator Adkinson released two of the items that were taken from the residence (two items of jewelry) and released them to Defendants Clayton Adkinson and the Adkinson Law Firm LLC without Plaintiff's consent. (Doc. 23 at 19-20, 23-24; Doc. 16 at 42).

Plaintiff was never charged with possession of stolen property, but he was charged with drug trafficking and other crimes in Walton County Circuit Court Case Nos. 2012-CF-372, 2013-CF-249, and 2013-CF-278. (Doc. 23 at 36-37; Doc. 16 at 52-55, 61-64).

According to one of the Evidence Data Sheets incorporated into the amended complaint, Plaintiff went to trial in Case No. 2013-CF-278 on May 12-13, 2014. (Doc. 16 at 54-55). Numerous items seized from Plaintiff's residence (including pills, prescription bottles, money, drug

paraphernalia, and notebooks) were admitted into evidence at Plaintiff's criminal trial. (*Id.* at 35-41, 54-55). The "pre-search" video was also admitted into evidence. (*Id.* at 54-55). Plaintiff was found guilty. (*Id.*). Similarly, it appears Plaintiff went to trial in Case No. 2012-CF-372, on August 24, 2015. (*Id.* at 52-53). Photographs of numerous items seized from Plaintiff's residence (including guns, ammunition, and prescription pill bottles) were admitted into evidence at that trial. (*Id.* at 35-41, 52-53). Plaintiff was found guilty. (*Id.*).

Plaintiff claims that Defendants falsely accused him of possession of stolen property in order to obtain the arrest warrant and second search warrant for the sole purpose of stealing his property and taking his liberty in violation of the First, Second, Fourth, Fifth, Sixth, and Fourteenth Amendments. (Doc. 23 at 25-29). Plaintiff also alleges violations of several federal criminal statutes. (*Id.* at 26-29). Plaintiff seeks compensatory and punitive damages in excess of $5,000,000.00. (*Id.* at 25).

## II.   Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

## III.  Discussion

### A.  The Walton County Sheriff's Department is not a proper defendant.

The capacity to be sued in federal court is governed by the law of the state in which the district court is located.  *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (citing Fed. R. Civ. P. 17(b)).  Under Florida law, there are constitutionally created political subdivisions called counties and separately created constitutional officers.  *See* Fla. Const. Art. VIII, §§ 1(a) and (d).  As the Court previously notified Plaintiff (Doc. 17 at 6), Florida does not recognize, either constitutionally or statutorily, a sheriff's department as a separate legal entity.  The Walton County Sheriff's Department thus is not a legal entity subject to suit under § 1983.  *See, e.g., Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013) (affirming dismissal of § 1983 claims against the Monroe County Sheriff's Office, noting "Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued").  Accordingly, Plaintiff cannot state a plausible § 1983 claim against the Walton County Sheriff's Department.

**B.    Plaintiff has failed to plausibly allege a § 1983 municipal liability claim against Walton County**

Plaintiff has named Walton County as a Defendant in this § 1983 lawsuit. (Doc. 23 at 6). A civil rights plaintiff suing a municipal entity, such as a county, under section 1983 must show that (1) his or her "constitutional rights were violated"; (2) the municipal entity "had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). In other words, Plaintiffs must identify a particular municipal "policy" or "custom" that caused the constitutional injury. *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

In this case, Plaintiff has not plausibly stated that Walton County had a policy or custom that caused the alleged constitutional violations. Plaintiff merely alleges that employees of Walton County took particular actions. But a single incident of wrongdoing by county employees is insufficient to establish municipal liability. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985). What is required to establish

9

municipal liability under § 1983 is a custom or policy, and no custom or policy by Walton County has been alleged by Plaintiff. Thus, he has not stated a plausible claim against Walton County.

### C. Plaintiff cannot sue the Governor and/or other state employees in their official capacities for money damages.

Plaintiff has named the Governor of the State of Florida, as well as an employee of the Florida Department of Law Enforcement (Agent Hatton) as Defendants. He has sued them in their individual and official capacities for money damages. (Doc. 23 at 7, 10).

The Eleventh Amendment sovereign immunity doctrine bars claims for monetary damages by an individual against officers or employees of the state or its agencies in their official capacities. *See Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65, 71 (1989) (holding that the Eleventh Amendment bars a section 1983 suit against a State and state officials in their official capacities). Accordingly, Plaintiff's official capacity claims against the

Governor[4] and FDLE Agent Hatton are barred by the Eleventh Amendment doctrine of sovereign immunity.

### D. Plaintiff has not stated a plausible constitutional claim against Defendants related to his arrest and the alleged fabrication of evidence

Plaintiff claims that Defendants violated his constitutional rights by securing an arrest warrant based upon false allegations and without probable cause. (Doc. 23 at 25-26). He also claims that Defendants Hatton and Burlison fabricated evidence to instigate and continue his criminal prosecution by planting a bag of cocaine in his bedroom (Hatton) and falsely testifying at trial that a video was taken "pre-search" (Burlison). (*Id.* at 27-28).

A deprivation of liberty based upon a warrant-based arrest gives rise to § 1983 malicious prosecution claim. *Land v. Sheriff of Jackson*

---

[4] Plaintiff's second amended complaint is completely devoid of any allegations that the Governor had any involvement in his case. Thus, Plaintiff has also not stated any plausible individual capacity claim against the Governor. As for the individual capacity claim against FDLE Agent Hatton for his involvement in the incident involving Plaintiff, it lacks merit for the reasons explained below.

*Cnty. Fla.*, No. 22-12324, 2023 WL 7138510, at *3 (11th Cir. Oct. 31, 2023); *Williams v. Aguirre*, 965 F.3d 1147, 1158 (11th Cir. 2020).   A deprivation of liberty as a result of a government officer's fabrication of evidence also gives rise to a malicious prosecution claim.   Indeed, "a fabrication-of-evidence claim is really just a species of malicious prosecution." *Bent v. Wilson*, No. 6:21-cv-75, 2022 WL 4290435, at *3 (M.D. Fla. Sept. 16, 2022); *Crider v. Williams*, No. 21-13797, 2022 WL 3867541, at *7-8 (11th Cir. Aug. 30, 2022) (recognizing that § 1983 claim against social worker for allegedly providing false testimony during state-court child dependency proceedings was a malicious prosecution claim).   A malicious prosecution claim under § 1983 requires that a plaintiff show that he obtained a favorable termination of the underlying criminal prosecution. *Thompson v. Clark*, 142 S. Ct. 1332, 1335, 1338 (2022).

The Court previously notified Plaintiff, in its last screening order, that he must satisfy the favorable termination element in order to state a plausible malicious prosecution claim.   (Doc. 17 at 7).   And the Court alerted Plaintiff that the attachments to his amended complaint indicated he was convicted, which would not be a favorable termination.

(Doc. 16 at 52-55; Doc. 17 at 7).  Despite previously being informed of the favorable termination requirement, Plaintiff's second amended complaint does not allege that he obtained a favorable termination in his state court prosecution.  Because he has not pled facts that satisfy the "favorable termination" element of a malicious prosecution claim, Plaintiff has not stated a plausible § 1983 malicious prosecution claim relating to his warrant-based arrest and the alleged fabrication of evidence.  *See Reid v. Republic Bank and Trust Inc.*, 805 F. App'x 915, 916-17 (11th Cir. 2020) (holding that prosecution was not terminated in favor of defendant, as required to support malicious prosecution claim in § 1983 action, where the amended complaint and attached documents established that § 1983 plaintiff was convicted after a jury trial, and there was no allegation or indication that the conviction had ever been vacated or otherwise called into question); *Leonard v. F.B.I.*, 405 F. App'x 386, 388 (11th Cir. 2010) (holding that state prisoner failed to state a malicious prosecution claim against state and federal officials absent an allegation that the state court criminal prosecution terminated in his favor).

13

### E.  Plaintiff's Second and Fourth Amendment claims based upon the allegedly illegal search of his residence and seizure of his property (including firearms) are time-barred

Plaintiff claims that Defendants violated his constitutional rights by searching his residence pursuant to warrants containing false allegations and seizing items of personal property during the searches. (Doc. 23 at 26-28).

Claims brought under § 1983 are tort actions and "subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).  In Florida, the statute of limitations for personal injury actions is four years from the date that the claim accrued. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999); *see also Allen v. King*, 279 F. App'x 847, 848 (11th Cir. 2008) ("Florida's four-year statute of limitations applies to § 1983 claims").  The statute of limitations begins when the facts that would support a § 1983 claim are apparent or should be apparent to a person with a reasonably prudent regard for his rights.  *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003). And a district court is authorized to dismiss a prisoner's § 1983 complaint

14

at the screening stage if it is apparent that the action would be barred by the statute of limitations. *Allen*, 279 F. App'x at 848 (affirming *sua sponte* dismissal of prisoner's § 1983 action as barred by the statute of limitations).

It is clear from Plaintiff's pleadings that he learned of the search of his residence on June 28, 2012. Plaintiff alleges he was at the residence when the search began on that date at 5:45 a.m., and he was arrested there at 11:00 a.m. (Doc. 23 at 20-21, 27-28). Plaintiff clearly became aware of the seizure of property during his criminal trial proceedings, which ended on August 24, 2015, because some of those items were admitted into evidence at trial. (Doc 16 at 52-55).[5] Plaintiff did not file this § 1983 action until January 2023, which was more than four years after the claims concerning the search of his residence and seizure of his property accrued. So, Plaintiff's claims involving the 2012 search and seizure of property from his residence are time-barred.

---

[5] Plaintiff also alleges that during his pre-trial detention, he received a letter from Investigator Adkinson which notified him that jewelry seized from his residence was released from the evidence room to Defendant Clayton Adkinson. (Doc. 23 at 20, 23).

The Court previously notified Plaintiff of the statute of limitations issue. (Doc. 17 at 7-8).  The Court also notified Plaintiff of the availability of equitable tolling and provided him an opportunity to allege qualifying circumstances in his second amended complaint.  (*Id.* at 8 n.2).   But Plaintiff has not alleged facts that suggest that any circumstances warranting equitable tolling apply here.  For these reasons, Plaintiff's § 1983 claims based upon the search of his residence and seizure of property are barred by the statute of limitations.  *See Schaefer v. Stack*, 641 F.2d 227, 228 (5th Cir. 1981) (holding that district court was correct in dismissing § 1983 complaint challenging seizure of items pursuant to search warrant as time barred because it was evident that plaintiff knew that his property had been seized in 1973 when it was introduced at trial, but plaintiff did not file his § 1983 complaint until 1979, which was after the four-year limitations period had expired).[6]

---

[6] *See also Foster v. Guillou*, No. 22-13116, 2023 WL 7126425, at * 3 (11th Cir. Oct. 30, 2023) (holding that plaintiff's civil rights claims of false arrest, illegal search, and unlawful imprisonment accrued when he was sentenced, at the latest, because he was aware of the facts sufficient for his claims by that time); *Sensi v. Fla. Officers of Ct.*, 737 F. App'x 433, 437-38 (11th Cir. 2018) (holding that prisoner's § 1983 claims challenging the validity of the search warrant that led to the discovery of evidence used in his criminal prosecution were time barred where prisoner's

### F.    Plaintiff cannot state a due process claim under § 1983 based upon the deprivation of his personal property

Plaintiff also asserts due process claims based upon the deprivation of his personal property.  (Doc. 23 at 26-27).  The Due Process Clause encompasses two components, a substantive component and a procedural component.  The substantive component of the Due Process Clause protects only "fundamental" rights.  *See McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir.1994) (citing *Palko v. Connecticut*, 302 U.S. 319, 325 (1937)).  Fundamental rights are created only by the Constitution. *McKinney*, 20 F.3d at 1556 (cleaned up).  Property interests are created and defined by state law, not the Constitution.  *See Greenbriar Village,*

---

complaint asserted that he learned of the alleged conspiracy regarding the search nearly seven years prior to filing his § 1983 complaint; he was aware of the basis for his claims at his criminal sentencing two years later because he claimed that the warrant and inventory list had been altered; and there was no indication of extraordinary facts that would have prevented the timely filing of the § 1983 claims); *Holt v. Valls*, 395 F. App'x 604, 606 (11th Cir. 2010) (holding that plaintiff's § 1983 claims alleging Fourth Amendment violations from the county's seizure of his property accrued on the date of the seizure); *Hafez v. Madison*, 348 F. Appx 465, 467 (11th Cir. 2009) (affirming district court's dismissal of § 1983 claims stemming from pre-arrest searches and pre-trial events where plaintiff became aware of them by the time he was convicted and sentenced but did not file § 1983 complaint until after the statute of limitations expired).

*L.L.C. v. Mountain Brook City*, 345 F.3d 1258, 1262 (11th Cir. 2003) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)).  Property rights are not fundamental rights and thus are not entitled to substantive due process protection.  *Greenbriar Village, L.L.C.*, 345 F.3d at 1262-63; *see also Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 229 (1985) (Powell, J., concurring) ("While property interests are protected by procedural due process even though the interest is derived from state law rather than the Constitution . . . substantive due process rights are created only by the Constitution."); *PBT Real Estate, LLC v. Town of Palm Beach*, 988 F.3d 1274, 1283-84 (11th Cir. 2021) ("Garden-variety property rights" are not fundamental rights "and thus, as a general proposition, their deprivation does not in and of itself concern the concept of ordered liberty").

With regard to the procedural component of the Due Process Clause, the Supreme Court has unequivocally held that an unauthorized *intentional* deprivation of property by a state actor does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the

18

loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (emphasis added).

Plaintiff attached to his amended complaint a copy of an opinion issued by the Florida First District Court of Appeal that confirms the existence of a meaningful state post-deprivation remedy for seeking the return of seized property. (Doc. 16 at 61-64). *Horn v. State*, 289 So. 3d 546 (Fla. 1st DCA 2020). The Court previously notified Plaintiff that the existence of this remedy precludes him from asserting a due process challenge to Defendants' taking of his property. (Doc. 17 at 8-10). With respect to the items of property that were released to third parties, Florida law provides that a person may file a tort action in state court to recover damages for destruction of property. Fla. Stat. § 768.28 (2011).

The existence of meaningful state post-deprivation remedies forecloses Plaintiff's procedural due process claims concerning the seizure and loss of his property. For this reason, he has not stated a claim upon which relief may be granted. *Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991) (holding that plaintiff could not state a due process claim with respect to the retention of his seized property because the state provided an adequate post-deprivation remedy).

### G.   Plaintiff cannot assert § 1983 claims based upon alleged violations of criminal statutes

Plaintiff asserts § 1983 claims based upon alleged violations of several federal criminal statutes.[7]   (Doc. 23 at 26-29).   As the Court previously notified Plaintiff (Doc. 17 at 12-13), criminal statutes rarely create private causes of action. *See Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("noting, "We have been quite reluctant to infer a private right of action from a criminal prohibition alone. . . . And we have not suggested that a private right of action exists for all injuries caused by violations of criminal prohibitions."); *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) (noting that the Court has rarely implied a private right of action under a criminal statute, and where it has done so, there was at least a statutory

---

[7] Those statutes include 18 U.S.C. § 1016 (defining the crime of knowingly making a false acknowledgement of appearance or oath), 18 U.S.C. § 1018 (defining the crime of making an official certificate or writing containing any statement which is known to be false), 18 U.S.C. § 1021 (defining the crime of knowingly certifying falsely that a conveyance of real property has or has not been recorded), 18 U.S.C. § 1028 (defining crimes of fraud and related activity in connection with identification documents, authentication features, and information), 18 U.S.C. § 1341 (defining crimes of frauds and swindles), and 18 U.S.C. § 1623 (defining the crime of knowingly making a false material declaration under oath).   (Doc. 16 at 19-22).

20

basis for inferring that a civil cause of action existed); *Love v. Delta Air Lines*, 310 F.3d 1347, 1352–53 (11th Cir. 2002) (explaining that criminal statutes do not provide for private civil causes of action).

Here, there is no statutory basis for inferring that a civil cause of action exists for violations of the criminal statutes that Plaintiff identifies.  For this reason, Plaintiff cannot assert a § 1983 claim against Defendants for alleged violations of those criminal statutes.

## IV.   Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1.   This action be **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim.

2.   The Clerk of Court be directed to close this case.

At Pensacola, Florida this 12th day of January 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  An objecting party must

serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.